FILED

7 APR 2021

CLERK
U.S. DISTRICT COURT
MIDDLE DIST OF ALA

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO.  20-00044-MHT-SMD** |
| | ) | **[18 U.S.C. § 656]** |
| **TIFFANY CULLIVER FRANKLIN** | ) | **[18 U.S.C. § 1344(1)]** |
| | ) | **[18 U.S.C. § 1343]** |
| | ) | |
| | ) | **SECOND SUPERSEDING** |
| | ) | **INDICTMENT** |

**The Grand Jury charges:**

## INTRODUCTION

At times material to this Second Superseding Indictment:

1.     Branch Banking and Trust Company ("BB&T"), BBVA Compass ("BBVA"),
Renasant Bank ("Renasant"), and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, the
"Banks") were financial institutions within the meaning of Title 18, United States Code,
Section 20. The deposits of the Banks were federally insured by the Federal Deposit Insurance
Corporation ("FDIC"). The Banks had branches and automated teller machines ("ATMs") in
Montgomery County, within the Middle District of Alabama.

2.     The defendant, **TIFFANY CULLIVER FRANKLIN**, was employed by Wells
Fargo in Montgomery County, Alabama from in or about January 2012 to in or about
December 2014. She was employed by BB&T in Montgomery County, Alabama from in or about
June 2015 to in or about July 2017. She was employed by the Montgomery Public Schools in
Montgomery County, Alabama as a bookkeeper for Goodwyn Middle School ("GMS") from in or
about September 2017 to in or about June 2018.

1

## COUNT ONE
### Theft or Embezzlement by Bank Employee
### Title 18, United States Code, Section 656

3.      The allegations in paragraphs 1–2 of this Second Superseding Indictment are realleged for Count One as though fully set forth therein.

4.      From in or about February 2017 to on or about July 18, 2017, the exact dates being unknown, in Montgomery County, within the Middle District of Alabama, the defendant,

**TIFFANY CULLIVER FRANKLIN,**

being an employee of BB&T, a bank the deposits of which were then insured by the FDIC, with intent to injure and defraud BB&T, did embezzle, abstract, purloin, and willfully misapply more than $1,000 of the moneys, funds, assets and securities intrusted to the custody and care of BB&T.

All in violation of Title 18, United States Code, Section 656.

### COUNTS TWO AND THREE
#### Bank Fraud
### Title 18, United States Code, Section 1344(1)

5.      The allegations in paragraphs 1–2 of this Second Superseding Indictment are realleged for Counts Two and Three as though fully set forth therein.

6.      From in or about October 2014 to on or about December 8, 2014, the exact dates being unknown, in Montgomery County, within the Middle District of Alabama, the defendant,

**TIFFANY CULLIVER FRANKLIN,**

knowingly executed, and attempted to execute, a scheme and artifice to defraud Renasant and Wells Fargo, financial institutions the deposits of which were then insured by the FDIC.

2

## PURPOSE OF THE SCHEME AND ARTIFICE

7.      It was a purpose of the scheme and artifice for the defendant to obtain money from Renasant and Wells Fargo by making ATM deposits of worthless checks and subsequently making ATM cash withdrawals.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

8.      It was a part of the scheme and artifice that the defendant, while employed as a personal banker at Wells Fargo, would and did use her Wells Fargo User ID to obtain a Wells Fargo Instant Debit Card (number x6743) issued in the name of B.B., an individual whose identity is known to the Grand Jury. The Wells Fargo Instant Debit Card (number x6743) was linked to a Wells Fargo bank account (number x1570) belonging to B.B.

9.      Further, the defendant would and did use the Wells Fargo Instant Debit Card (number x6743) to make ATM deposits of worthless personal checks drawn on her Renasant bank account (number x0294) into B.B.'s Wells Fargo bank account (number x1570).

10.     Further, the defendant, shortly after making ATM deposits of the worthless Renasant checks, would and did use the Wells Fargo Instant Debit Card (number x6743) to make ATM cash withdrawals from B.B.'s Wells Fargo bank account (number x1570).

## EXECUTIONS OF THE SCHEME AND ARTIFICE

11.     The allegations in paragraphs 6–10 of this Second Superseding Indictment are realleged for Counts Two and Three as though fully set forth therein.

3

12. The defendant executed the above-described scheme and artifice as follows:

| Count | Date (on or about) | Check Number of Worthless Check Drawn on Franklin's Renasant Bank Account (x0294) | Approximate Amount of Worthless Check Deposited by Franklin into B.B.'s Wells Fargo Bank Account (x1570) | Approximate Amount of ATM Cash Withdrawal by Franklin from B.B.'s Wells Fargo Bank Account (x1570) |
|---|---|---|---|---|
| 2 | November 11, 2014 | 1212 | $200.00 | $200.00 |
| 3 | November 12, 2014 | 1215 | $350.00 | $350.00 |

All in violation of Title 18, United States Code, Section 1344(1).

## COUNTS FOUR THROUGH EIGHT
### Wire Fraud
### Title 18, United States Code, Section 1343

13. The allegations in paragraphs 1–2 of this Second Superseding Indictment are realleged for Counts Four through Eight as though fully set forth therein.

14. From in or about September 2017 to in or about June 2018, the exact dates being unknown, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

**TIFFANY CULLIVER FRANKLIN,**

devised and intended to devise a scheme and artifice to defraud GMS and others, and to obtain money and property belonging to GMS and others, by means of materially false and fraudulent pretenses, representations, and promises.

4

## PURPOSE OF THE SCHEME AND ARTIFICE

15.     It was a purpose of the scheme and artifice for the defendant to use her position as GMS's bookkeeper to enrich herself by diverting to her personal benefit money and property belonging to GMS, which ultimately resulted in a financial loss to GMS of approximately $13,216.00.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

16.     It was a part of the scheme and artifice that the defendant would and did divert to her personal benefit approximately $6,995.00 in money taken in by GMS that the defendant should have deposited and failed to deposit into GMS's BBVA bank account (number x6030). The defendant purportedly replaced the diverted funds by depositing worthless personal checks drawn on her Wells Fargo bank account (number x2906) into GMS's BBVA bank account (number x6030). The defendant did not have sufficient funds in her Wells Fargo bank account to cover the personal checks that she deposited into GMS's BBVA bank account, which resulted in GMS being charged approximately $72.00 in returned-item fees.

17.     Further, the defendant would and did divert to her personal benefit approximately $675.00 in money taken in by GMS through gate receipts at various GMS athletic events that the defendant should have deposited and failed to deposit into GMS's BBVA bank account (number x6030).

18.     Further, the defendant would and did divert to her personal benefit approximately $3,074.00 in money taken in by GMS from classroom teachers that the defendant should have deposited and failed to deposit into GMS's BBVA bank account (number x6030).

19.     Further, the defendant would and did divert to her personal benefit approximately $2,400.00 in money withdrawn from GMS's BBVA bank account (number x6030) for use at

various GMS athletic events that the defendant should have redeposited and failed to redeposit into GMS's BBVA bank account (number x6030).

20.     Further, the defendant would and did use her GMS-issued Walmart Community Card (number x4843) to make unauthorized purchases of, among other things, various personal items and approximately $850.00 worth of Walmart gift cards diverted to her personal benefit. GMS had issued the defendant the Walmart Community Card to make certain purchases of supplies and other authorized items for the benefit of GMS's students.

## THE WIRE COMMUNICATIONS

21.     On or about the date listed below for each count, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

### TIFFANY CULLIVER FRANKLIN,

for the purpose of executing the above-described scheme and artifice to defraud and attempting to do so, did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs and signals; that is, the defendant caused an interstate communication between Alabama and another state when she made the unauthorized purchases of Walmart gift cards described below for each count using her GMS-issued Walmart Community Card (number x4843).

22.     The allegations in paragraphs 13–21 of this Second Superseding Indictment are realleged for Counts Four through Eight as though fully set forth therein.

| Count | Date (on or about) | Approximate Amount of Unauthorized Purchase of Walmart Gift Card by Franklin Using GMS-Issued Walmart Community Card (number x4843) |
|---|---|---|
| 4 | December 13, 2017 | $50.00 |

| Count | Date (on or about) | Approximate Amount of Unauthorized Purchase of Walmart Gift Card by Franklin Using GMS-Issued Walmart Community Card (number x4843) |
|---|---|---|
| 5 | January 20, 2018 | $350.00 |
| 6 | January 30, 2018 | $125.00 |
| 7 | April 9, 2018 | $150.00 |
| 8 | April 16, 2018 | $175.00 |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE NOTICE

23.     The allegations in paragraphs 1–22 of this Second Superseding Indictment are realleged as though fully set forth herein.

24.     Upon conviction of the offenses set forth in Counts One through Eight of this Second Superseding Indictment, the defendant,

**TIFFANY CULLIVER FRANKLIN,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations. If any of the property described above, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

7

e.     has been commingled with other property which cannot be divided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code,

Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) and

Title 28, United States Code, Section 2461(c).

A TRUE BILL:

Foreperson

MERRICK B. GARLAND
ATTORNEY GENERAL

SEAN P. COSTELLO
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF ALABAMA
By:

Sinan Kalayoglu, Special Attorney
Assistant United States Attorney

Justin D. Roller, Special Attorney
Assistant United States Attorney

8